IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID S. MOWATT,

      Plaintiff,                       No. CIV S-11-2482 EFB P

    vs.

MIKE McDONALD, et al.,

      Defendants.                ORDER

_____/

       Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983.[1] He has paid the filing fee. Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

////

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

1

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds it does not state a cognizable claim against any defendant for the following reasons. Plaintiff alleges that defendant Harrison initiated an investigation into plaintiff's prison gang affiliation, and that defendant St. Andre submitted a gang validation package to Sacramento's Office of Correctional Safety for the purpose of validating plaintiff as a prison gang associate. Plaintiff alleges that on April 29, 2009, he was validated as an associate of the Aryan Brotherhood prison gang based on five items of evidence. Plaintiff claims the evidence all comes from a single source in violation of the "Castillo Settlement." Plaintiff alleges that defendants Audette, Foulk, St. Andre, Gower, and Allen processed plaintiff's administrative appeals regarding the gang

validation. Plaintiff claims he was sentenced to an indeterminate SHU term, and that the gang validation creates an atypical and significant hardship because it will affect his chances of being paroled. Plaintiff also alleges that the Institutional Classification Committee was a facade and did not afford him the opportunity to contest his gang validation or make any attempt to determine if plaintiff is a current active gang associate. Plaintiff also names McDonald as a defendant, but the complaint does not allege what role, if any, McDonald played in the gang validation proceedings.

In order to state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must plead that each Government- official defendant, through the official's own individual actions, has violated the Constitution." *Id.* It is plaintiff's responsibility to allege facts to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

To state a claim for violation of the right to procedural due process, plaintiff must allege facts showing: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003). "[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).

1 However, state regulations may create a liberty interest in avoiding restrictive conditions of
2 confinement if those conditions "present a dramatic departure from the basic conditions of [the
3 inmate's] sentence." *Sandin v. Conner*, 515 U.S. 472, 485 (1995).  Under *Sandin*, a liberty
4 interest may exist where placement in administrative segregation "imposes atypical and
5 significant hardship in the inmate in relation to the ordinary incidents of prison life." *Id.* at 484.

6       When a prisoner alleges a due process violation in connection with a prison official's
7 decision to validate the prisoner as a gang member, "some evidence" must support the decision.
8 *Bruce v. Ylst*, 351 F.3d 1283, 1287–88 (9th Cir. 2003) (citing *Superintendent v. Hill*, 472 U.S.
9 445, 455, (1985)).  Additionally, the inmate must be provided with adequate notice, an
10 opportunity to present his views, and periodic review.  *Toussaint v. McCarthy*, 801 F.2d 1080,
11 1100-01 (9th Cir. 1986); *see also Bruce*, 351 F.3d at 1287 (explaining that only minimal
12 procedural protections apply when assigning suspected gang affiliates to the SHU, because the
13 decision is "'essentially a matter of administrative discretion'" as opposed to a disciplinary
14 measure) (quoting *Munoz v. Rowland*, 104 F.3d 1096, 1098 (9th Cir. 1997)).

15       Here, plaintiff alleges that his gang validation and SHU sentence will lessen his chances
16 of parole and claims broadly that they impose an "atypical and significant hardship" on him.
17 Plaintiff fails to state a due process claim because the chance that a disciplinary action might
18 affect an inmate's parole date "is simply too attenuated to invoke the procedural guarantees of
19 the Due Process Clause," *Sandin*, 515 U.S. at 487, and because plaintiff pleads no facts showing
20 how the conditions of his SHU sentence present a dramatic departure from the basic conditions
21 of his sentence.  Moreover, plaintiff fails to plead specific facts showing that any particular
22 defendant was involved in or caused plaintiff to be denied adequate procedural protections
23 during the gang validation proceedings.

24 ////
25 ////
26 ////

Additionally, plaintiff may not base a claim upon an alleged violation of a settlement agreement in another case, because such agreements do not have the effect of creating or expanding an inmate's constitutional rights. *Cagle v. Sutherland*, 334 F.3d 980, 986–87 (9th Cir. 2003) (consent decrees, which arise out of voluntary settlement, often go beyond constitutional minimum requirements, and do not create or expand rights); *see also Barnett v. Cate*, 2011 U.S. Dist. LEXIS 129960, at *12-13 (E.D. Cal. Nov. 8, 2011) *(*"In determining whether Plaintiff has stated a claim, the Court looks to whether Plaintiff's factual allegations support his claim that his constitutional rights were violated rather than to simply whether or not there has been an alleged breach of an agreement in a different case.").

To the extent plaintiff intends to impose liability against any defendant based on his or her handling of plaintiff's administrative appeals, plaintiff is hereby informed that there are no constitutional requirements regarding how a grievance system is operated. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system). Thus, plaintiff may not impose liability on a defendant simply he or she played a role in processing plaintiff's inmate appeals.

Plaintiff also purports to bring one or more state law claims against defendants and seeks money damages. The California Torts Claims Act ("GCA")[2] requires that a party seeking to recover money damages from a public entity or its employees must submit a claim to the entity *before* filing suit in court, generally no later than six months after the cause of action accrues. Cal. Gov't Code §§ 905, 911.2, 945, 950.2 (emphasis added); *see also Shirk v. Vista Unified Sch. Dist.*, 42 Cal. 4th 201, 208 (2007) ("*Before* suing a public entity, the plaintiff must present a

---

[2] In 2007, the California Supreme Court adopted the practice of using the title "Government Claims Act" instead of "California Tort Claims Act." *See City of Stockton v. Superior Court*, 42 Cal. 4th 730, 741-42 (2007).

timely written claim. . .") (emphasis added). "The legislature's intent to require the presentation of claims *before* suit is filed could not be clearer." *City of Stockton v. Super. Ct.*, 42 Cal. 4th 730, 746 (2007). Timely claim presentation is not merely a procedural requirement of the GCA but is an element of a plaintiff's cause of action. *Shirk*, 42 Cal. 4th at 209. Thus, when a plaintiff asserts a claim subject to the GCA, he must affirmatively allege compliance with the claim presentation procedure, or circumstances excusing such compliance, in his complaint. *Id.* The requirement that a plaintiff asserting claims subject to the GCA must affirmatively allege compliance with the claims filing requirement applies in federal court as well. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988). Plaintiff's state law claims must be dismissed with leave to amend for failure to allege compliance with the GCA.

For the reasons stated above, the complaint fails to state a claim upon which relief may be granted. Plaintiff will be granted leave to file an amended complaint, if plaintiff can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant.

Any amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded. Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Accordingly, the court hereby orders that the complaint is dismissed with leave to amend within 30 days. The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint." Failure to comply with this order will result in this action

////

1  being dismissed for failure to state a claim.  If plaintiff files an amended complaint stating a
2  cognizable claim the court will proceed with service of process by the United States Marshal.
3  Dated: April 11, 2012.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE