IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID S. MOWATT,

      Plaintiff,                    No. 2:11-cv-2482 EFB P

   vs.

MIKE McDONALD, et al.,

      Defendants.           ORDER

_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On May 7, 2012, the court found that for the limited purposes of 28 U.S.C. § 1915A screening, plaintiff's amended complaint states a cognizable due process claim against defendants Harrison and St. Andre. The court informed plaintiff that if he wishes to have the United States Marshal serve the amended complaint on defendants Harrison and St. Andre, he must file a request for leave to proceed in forma pauperis, and that if he did not file such a request, he would be directed to proceed with service without the assistance of the United States Marshal. *See* Dckt. No. 9. In response, plaintiff informed the court that he is not eligible to proceed in forma pauperis but would like for the United States Marshal to serve defendants. Dckt. Nos. 10, 11, 12. As plaintiff is not proceeding in forma pauperis, it is his responsibility to arrange for service of process on defendants.

1

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court shall terminate docket number 10, 11, and 12.

2. The Clerk of the Court shall send to plaintiff a completed summons, a copy of the endorsed complaint, the Notice of Availability of a Magistrate Judge to Exercise Jurisdiction, a form for Consent/Decline to Proceed Before a United States Magistrate Judge, a copy of the Local Rules of Court, and a copy of this order.

3. Service of process shall be completed within one hundred twenty (120) days. Plaintiff is cautioned that this action or any unserved defendant may be dismissed if service of process is not accomplished within one hundred twenty (120) days. *See* Fed. R. Civ. P. 4(m).

4. Plaintiff shall serve a copy of this order concurrently with service of process and file with the Clerk a certificate of such service.

5. On or before October 25, 2012, the parties shall file status reports[1] briefly describing the case and addressing the following:

    a. Progress in service of process;

    b. Possible joinder of additional parties;

    c. Expected or desired amendment of pleadings;

    d. Jurisdiction and venue;

    e. Anticipated motions and their scheduling;

    f. Cut-off dates for discovery (including dates for the disclosure of expert witnesses) and law and motion, and dates for pretrial conference and trial;[2]

---

[1] The parties are encouraged, when possible, to file a joint status report.

[2] In completing this portion of the status report(s), the parties are advised that Judge Brennan's typical pretrial schedule requires (1) initial expert disclosures to be made within approximately sixty (60) days after filing the initial status report(s); (2) motions to compel discovery to be submitted for decision within approximately sixty (60) days after the expert disclosure deadline; (3) discovery to be completed within approximately thirty (30) days after the motion to compel deadline; (4) all non-discovery law and motion to be submitted for decision within approximately sixty (60) days after the discovery completion date; (5) a final pretrial conference to be held approximately ninety (90) days after the non-discovery law and motion

      g. Special procedures, if any;

      h. Estimated trial time;

      I. Modifications of standard pretrial procedures due to the simplicity or complexity of the proceedings;

      j. Whether the case is related to any other cases, including any bankruptcy cases;

      k. Whether a settlement conference should be scheduled;

      l. Whether counsel will stipulate to the magistrate judge assigned to this matter acting as settlement judge and waiving disqualification by virtue of his so acting, or whether they prefer to have a settlement conference conducted before another judge; and

      m. Any other matters that may add to the just and expeditious disposition of this matter.

    6. Plaintiff and counsel are reminded of their continuing duty to notify chambers immediately of any settlement or other disposition. *See* L.R. 160. In addition, the parties are hereby informed that unless otherwise ordered, all motions to dismiss, motions for summary judgment, discovery motions, and motions made under the authority of Fed. R. Civ. P. 7, 11, 12, 15, 41, 55, 56, 59 and 60, and Local Rule ("L.R.") 110 shall be briefed in accordance with L.R. 230(l). Failure to timely file an opposition or statement of no opposition to a motion may be deemed a waiver of opposition to the motion and may result in the imposition of sanctions. L.R. 230(l). Opposition to all other motions need be filed only as directed by the court.

    7. The parties may consent to have this case before the assigned magistrate judge for all purposes. *See* 28 U.S.C. § 636(c). A "Notice of Availability of a Magistrate Judge to Exercise Jurisdiction" is attached. All parties shall complete and execute the form and file it with the Clerk.

////

---

deadline; and (6) trial to commence approximately ninety (90) days after the final pretrial conference.

3

8. If plaintiff is released from prison while this case is pending, any party may request application of the other provisions of L.R. 230 in lieu of L.R. 230(l). Until such a motion is granted, L.R. 230(l) will remain in effect regardless of plaintiff's custodial status. *See* L.R. 102(d).

9. As required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003), the court hereby informs plaintiff of the following with respect to opposing a motion to dismiss and/or for summary judgment for failure to exhaust available administrative remedies. Such a motion is a request that the court dismiss without prejudice any unexhausted claims. The moving party may submit affidavits or declarations under penalty of perjury and admissible documents in support of its motion. Plaintiff may file declarations under penalty of perjury and admissible documents in support of his opposition. Plaintiff may rely on his own statements made under penalty of perjury in the complaint if the complaint shows that he has personal knowledge of the matters stated, and plaintiff specifies the parts of the complaint on which he relies. Affidavits or declarations must be sworn to by persons who have personal knowledge of relevant matters. If plaintiff seeks to rely on written records, he must prove that the records are what he asserts them to be. If plaintiff fails to contradict defendant's evidence with admissible evidence, the court may rely on defendant's evidence. If plaintiff does not file a written opposition to the motion, the court may consider the failure to act as a waiver of opposition to the motion. *See* L.R. 230(l). If the court grants defendant's motion, the unexhausted claims will be dismissed without prejudice.

10. As required by the appellate court in *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-412 (9th Cir. 1988), the court informs plaintiff of the following with respect to opposing a motion for summary judgment under Fed. R. Civ. P. 56: Such a motion is a request that the court grant judgment in defendants' favor without trial. A motion for summary judgment will set forth the facts that defendants assert are not reasonably subject to dispute and that entitle

them to judgment under applicable law. To oppose a motion for summary judgment, plaintiff must show proof of his claims. To do this, he may rely upon statements made in the complaint under penalty of perjury if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff specifies the parts of the complaint upon which he relies. Plaintiff also may file one or more affidavits or declarations setting forth the facts that plaintiff believes prove his claims, as long as the person who signs it has personal knowledge of the facts stated. Plaintiff may rely on written records, but he must prove they are what he asserts them to be. Plaintiff may rely on all or any part of responses to discovery propounded in this case, i.e, answers to interrogatories, admissions and deposition transcripts. If plaintiff fails to contradict defendants' evidence with counter-affidavits or other admissible evidence, the court may accept defendants' evidence as true and grant the motion. If there is good reason why such facts are not available to plaintiff when he is required to oppose a motion for summary judgment, the court will consider a request to postpone considering the motion. If plaintiff does not file a written opposition to the motion or a request to postpone consideration of it, the court may consider the failure to act as a waiver of opposition to the defendants' motion. *See* L.R. 230(l). If the court grants defendants' motion, whether opposed or unopposed, judgment will be entered for defendants without a trial and the case will be closed.

  11. Each party shall keep the court informed of a current address at all times while this action is pending. Any address change must be reported promptly to the court in a separate document captioned for this case and must be entitled "Notice of Change of Address." A notice of address change must be properly served on other parties. Service of documents at the address on record for a party is fully effective. *See* L.R. 182(f). A party's failure to inform the court of a change of address may result in the imposition of sanctions, including dismissal of the action..

  12. Failing to obey federal or local rules, or any order of this court, "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court," including dismissal of this action. L.R. 110. Even though the

5

court will construe pro se pleadings liberally, pro se litigants must comply with all procedural rules.

DATED: June 25, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE