IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID S. MOWATT,

      Plaintiff,                    No. 2:11-cv-2482 EFB P

   vs.

MIKE McDONALD, et al.,

      Defendants.             ORDER

_____/

     Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He has paid the filing fee. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

     On May 7, 2012, the court screened plaintiff's complaint pursuant to 28 U.S.C. § 1915A, and found service appropriate for defendants Harris and St. Andre. Dckt. No. 9. Over a year has passed, and neither defendant has been served with process. On March 11, 2013, the court granted plaintiff a final 60-day extension of time to effect service of process. Dckt. No. 28. The time for acting has passed, and plaintiff has failed to respond to the court's order or to otherwise demonstrate that the defendants have been properly served.

////

1

The court has cautioned plaintiff that it his responsibility to arrange for service of process, and has repeatedly warned him that failure to do will result in dismissal. Dckt. Nos. 9 (May 7, 2012 Order) at 2, 13 (June 25, 2013 Order), 24 (October 11, 2012 Order), 28 (March 11, 2013 Order) ("Failure to comply with this order will result in this action being dismissed for failure to follow court orders, for failure to effect service of process within the time prescribed by Rule 4(m), and/or for lack of prosecution under Rule 41(b) of the Federal Rules of Civil Procedure").

Plaintiff has had ample time to retain a process server and effect service. The fact that plaintiff is incarcerated does not excuse him from properly serving defendants in a timely manner. *See* Fed. R. Civ. P. 4(m) (service of process must be effected within 120 days of the filing of the complaint unless plaintiff demonstrates good cause); *Collins v. Pitchess*, 641 F.2d 740, 742 (9th Cir. 1981) (incarceration does not absolve a plaintiff of the responsibility to prosecute his actions diligently).

Accordingly, IT IS HEREBY ORDERED that this action is dismissed without prejudice. *See* Fed. R. Civ. P. 4(m), 41(b).

DATED: May 17, 2013.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE